UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL ARIEL SANTIESTEBAN
MATOS,

       Petitioner,

   v.                          Case No.:  2:26-cv-01297-SPC-DNF

GARRETT J. RIPA *et al.*,

       Respondents,

                                  /

## **OPINION AND ORDER**

Before the Court are Miguel Ariel Santiesteban Matos's Petition for Writ of Habeas Corpus (Doc. 1) and the federal government's response (Doc. 5).

Santiesteban Matos, a noncitizen in immigration detention, sought habeas relief from this Court in *Santiesteban Matos v. Ripa*, M.D. Fla. Case No. 2:26-cv-641-SPC-NPM.  He claimed the government unlawfully detained him under 8 U.S.C. § 1225(b)(2), which mandates detention, rather than § 1226(a), which authorizes discretionary detention and entitles detainees to a bond hearing.  The Court agreed and ordered the respondents to either bring Santiesteban Matos before an immigration judge for a bond hearing or release Santiesteban Matos from custody.

On March 26, 2026, an immigration judge found Santiesteban Matos to be a flight risk based on him "being under an Order of Removal (which is on

appeal)" and denied release on bond. (Doc. 1-3 at 1). Santiesteban Matos reserved his right to appeal, and the immigration judge issued a bond memorandum on April 19, 2026. In the memorandum, the immigration judge summarized the evidence and stated he considered the factors enumerated in *Matter of Guerra*, 24 I&N Dec. 35 (BIA 2006).

Santiesteban Matos argues the immigration judge failed to properly consider the evidence and failed to follow Board of Immigration Appeals ("BIA") precedent. But the proper way to challenge the result of a bond hearing is appeal to the BIA. This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, Santiesteban Matos's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

2